H. MICHAEL BRUCKER LAW CORPORATION
H. MICHAEL BRUCKER (#36297)
5855 Doyle Street — Suite 110
Emeryville, CA 94608
Telephone:  (510) 654-6200
Facsimile:  (510) 654-6166
Email:       hmblaw@pacbell.net

STEVEN M. KIPPERMAN LAW CORPORATION
STEVEN M. KIPPERMAN (#40895)
57 Post Street —  Suite 604
San Francisco, California  94104
Telephone:  (415) 397-8600
Facsimile:  (415) 397-0792
Email:       kipperman@aol.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROTH<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LOOS & COMPANY, INC. and<br>SEISMIC SOLUTIONS, INC.,<br><br>　　　　Defendants. | Case No. _____<br><br><br><br>**COMPLAINT**<br><br>**[PATENT INFRINGEMENT]**<br><br>**JURY TRIAL DEMANDED** |

**THE PARTIES – PERSONAL JURISDICTION**

1. Plaintiff Steven Roth is an individual resident and citizen of California.

2. Upon information and belief, Defendant Loos & Co., Inc. is a corporation organized and existing under the laws of the State of Florida, with a principal place of business in Naples, Florida, and doing business in California sufficient to satisfy general personal jurisdiction requirements or special personal jurisdiction requirements relating to the claims herein.

3. Upon information and belief, Defendant Seismic Solutions, Inc. is a corporation organized and existing under the laws of the State of Missouri, with a principal place of business in California, and doing business in California sufficient to satisfy general personal jurisdiction requirements or special personal jurisdiction requirements relating to the claims herein.

4. Each Defendant is the agent, principal or joint venturer of the other for the purpose of doing the acts and conduct complained of herein.

**SUBJECT MATTER JURISDICTION AND VENUE**

5. This is an action for infringement of a United States patent arising, *inter alia*, under 35 U.S.C. §§ 271, 281, 284 and 285. This Court has subject matter jurisdiction under Title 28 U.S.C. §§ 1331, 1338(a).

6. Personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

**PATENT & INFRINGEMENT**

7. In March 2007, United States Patent No. 7,188,809 ("the '809 patent") was duly and legally issued to Plaintiff for a combination of components, including a deformable clamp, for stiffening a threaded hanger rod. A true and correct copy of the '809 patent is attached hereto as Exhibit A and made a part hereof.

8. Plaintiff is the owner of the '809 patent with the sole and exclusive right to enforce the '809 patent against infringers and to collect damages for all relevant times.

9. Defendants have contributed to the direct infringement by others of one or more claims of the '809 patent by the manufacture, distribution and sale of one or more seismic bracing components with the knowledge that such components are used with other components to create the inventive combination of one or more claims of the '809 patent, wherein the one or more components manufactured, sold and distributed by Defendants constitute a material part of the claimed combination. The acts complained of occur in this District and elsewhere.

10. Defendants have induced the direct infringement by others of one or more claims of the '809 patent by, *inter alia*, publishing and distributing written materials instructing others

how to combine seismic bracing components to create a combination of components that infringe one or more claims of the '809 patent. The acts complained of occur in this District and elsewhere.

11. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are thus each liable to Plaintiff in an amount that adequately compensates him for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

Plaintiff requests that the Court find in his favor and against Defendants and that the Court grant Plaintiff the following relief:

(a)  Judgment that one or more claims of United States Patent No. 7,188,809 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringements one or more Defendants have contributed and/or by others whose infringements have been induced by one or more Defendants;

(b)  That each Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with it, or any of them be temporarily and preliminarily enjoined during

the pendency of this action and permanently enjoined thereafter from infringing, contributing to the infringement of, and inducing infringement of the patent-in-suit, and specifically from directly or indirectly making, using, selling, or offering for sale any products or services embodying the inventions of the patent-in-suit during the life of the claims of the patent-in-suit, without the express written authority of Plaintiff.

(c) Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

(d) That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their products, which is the time of written notice to Defendant Loos & Company on February 26, 2008, at the latest; and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(e) That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

(f) That the Court declare this an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

(g) That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 1, 2008
          H. MICHAEL BRUCKER LAW CORP.
          STEVEN M. KIPPERMAN LAW CORP.


          By_____
            H. Michael Brucker
            Attorneys for Plaintiff Steven Roth

Case 3:08-cv-02156-VRW   Document 1   Filed 04/25/2008   Page 6 of 7

**JURY DEMAND**

Plaintiff demands a jury trial.

Dated: May 1, 2008

        H. MICHAEL BRUCKER LAW CORP.
        STEVEN M. KIPPERMAN LAW CORP.


        By_____
           H. Michael Brucker
           Attorneys for Plaintiff Steven Roth