IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN ROTH,                         No   C 08-02156 VRW

      Plaintiff,                         ORDER

      v

LOOS & COMPANY, INC and SEISMIC
SOLUTIONS, INC,

      Defendants.
_____/

        Defendants Loos & Company, Inc ("Loos") and Seismic Solutions, Inc ("Seismic Solutions") have moved for summary judgment on plaintiff Steven Roth's indirect infringement claims. Doc #62. Roth opposes the motion and argues that triable issues of fact exist. For the reasons stated below, defendants' motion for summary judgment (Doc #62) is DENIED.

I

        On April 25, 2008, Roth filed a complaint alleging infringement of United States Patent No. 7,188,809 ("the '809

patent") against Loos and Seismic Solutions. Doc #1. The patent describes an apparatus designed to stabilize rods employed to hold or support pipes, conduits or other components of a building. Doc #58, Exh A, '809 patent at 1:15-19. The apparatus can be used for bracing electrical conduits, cable trays and mechanical piping systems in the event of an earthquake. Id at 1:24-27.

The complaint alleges that with knowledge, Loos and Seismic Solutions manufactured, distributed and sold seismic bracing components to create the inventive combination of one or more claims of the '809 patent. Doc #1. Roth alleges that Loos and Seismic Solutions thus contributed to the direct infringement by others and induced the direct infringement by others of one or more claims of the '809 patent.

Loos and Seismic Solutions answered the complaint. Doc #12. Loos and Seismic Solutions now seek summary judgment against Roth on his induced infringement claim. Doc #62. Loos and Seismic Solutions assert two grounds for summary judgment: (1) Roth has presented no evidence of direct infringement and (2) Roth cannot establish that Loos and Seismic Solutions intended for any of their customers to infringe any asserted claim of the '809 patent.

II

In reviewing a summary judgment motion, the court must determine whether genuine issues of material fact exist, resolving any doubt in favor of the nonmoving party. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v Liberty

2

Lobby, 477 US 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. The burden of establishing the absence of a genuine issue of material fact lies with the moving party. See Celotex Corp v Carrett, 477 US 317, 322-23 (1986). Summary judgment is granted only if the moving party is entitled to judgment as a matter of law. FRCP 56(c).

To defeat summary judgment, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided in FRCP 56, supporting the claim that a genuine issue of material fact exists. TW Elec Service, Inc v Pacific Elec Contractors Ass'n, 809 F2d 626, 630 (9th Cir 1987). The evidence presented by the nonmoving party "is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 US at 255. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id at 249.

A

First, Loos and Seismic Solutions seek summary judgment that Roth has presented no evidence of direct infringement of the '809 patent. Loos and Seismic Solutions argue that since use of their product does not result in "biting into" the threaded rod or stiffener pipe, there is no direct infringement of the '809 patent. Roth argues that because proper use of the RS-1 clip results in "biting into" there is evidence of direct infringement.

Roth provides evidence of "biting into" in three forms: (1)

3

his second supplemental answers to defendants' first set of interrogatories, (2) his deposition of June 30, 2009 and (3) tests performed by an expert.

Roth's second supplemental answers to defendants' first set of interrogatories describe a demonstration conducted by Roth in December 2008.  During this test, Roth used one of the RS-1 clips and found that the "outer edge of the RS-1 Clip did torque [sic] and bite into the stiffener member (pipe)."  Doc #83.

Roth further presents his deposition of June 30, 2009, during which he described the tests he performed with the RS-1 clip and his observation that the clip "bites into the pipe."  Doc #83.

Roth additionally provides expert testimony that indicates "biting into."  Roth's expert concludes that "[a]s a result of bolting the RS-1 clip onto the stiffener pipe and threaded rod, at least one edge of each clip tested caused deformation and cutting (i.e., biting) into the stiffener pipe."  Doc #83 Exh F.

The court has construed "biting into" to mean "penetrates the surface of."  Doc #70 at 9.  Loos and Seismic Solutions argue in their reply that because the RS-1 clip merely forces its way into the stiffener member in the form of a "microscopic mark," there is no evidence of "biting into."  Doc #73 at 9.  But "biting into" does not require "embedding in the surface."  Doc #70 at 9. A small "bite" is after all a "bite."  Roth has therefore supplemented the factual record adequately to avoid summary judgment on this issue.  It remains a factually contested matter whether "biting" occurs whereby the '809 patent is infringed by the parts manufactured, distributed and sold by Loos and Seismic

**4**

Solutions.  Summary judgment on this issue is therefore DENIED.

### B

Loos and Seismic Solutions also seek summary judgment that Roth cannot establish that Loos and Seismic Solutions possessed the specific intent to encourage any of their customers to infringe any claim of the '809 patent.  Loos and Seismic Solutions argue that because Roth has produced no evidence in support of his claim, Loos and Seismic Solutions are entitled to summary judgment.  Loos and Seismic Solutions further argue that the opinion-of-counsel letter received by Loos on March 27, 2008 negates the specific intent required for a finding of induced infringement.

In response, Roth presents the following evidence in support of his claim that Loos and Seismic Solutions intended for any of their customers to infringe any asserted claim of the '809 patent:

It is undisputed that the defendants sell the RS-1 clip.  The RS-1 clip has all of the physical limitations of claim 1 of the '809 patent.  The defendants provide detailed instructions.  Doc #83, Exh C.  Installation of the RS-1 clips as per instructions cause the RS-1 clip to perform all of the functions called for in claim 1 of the '809 patent.  Doc #83, Exh B, F.

Roth further presents evidence that he personally notified Loos of the '809 patent on November 13, 2007.  The fact that this event occurred in late 2007 is undisputed.  On February 26, 2008, plaintiff's counsel sent a letter to Loos articulating

1 that the "[m]anufacture, use or sale of Part RS1 clearly
2 constitutes an infringement of U S 7,188,809." Doc #64, Exh 8.
3 Roth presents evidence that between November 2007 and March 2008,
4 Loos continued to sell RS-1 clips with knowledge of the '809 patent
5 and without the benefit of an opinion-of-counsel letter.

6      Roth has therefore produced significant probative
7 evidence supporting his claim that Loos induced infringement of the
8 '809 patent. The court DENIES summary judgment on the second issue
9 as it relates to Loos.

10      In its reply, Seismic Solutions argues for the first time
11 that Roth has not produced any evidence that Seismic Solutions was
12 aware of the '809 patent. Doc #79 at 6. In general, "[i]t is
13 improper for the moving party to 'shift gears' and introduce new
14 facts or different legal arguments in the reply brief than [those
15 that were] presented in the moving papers." William W Schwarzer, A
16 Wallace Tashima and James M Wagstaffe, <u>Federal Civil Procedure</u>
17 <u>Before Trial</u> § 12:107 (The Rutter Group 2009). Parties are
18 required to raise all of their arguments in their opening brief to
19 prevent "sandbagging" of the nonmoving party and to provide
20 opposing counsel the chance to respond. <u>Corson and Gruman Co v</u>
21 <u>NLRB</u>, 899 F2d 47, 50 n 4 (DC Cir 1990). Seismic Solutions'
22 argument regarding its awareness of the '809 patent is deemed
23 waived because it was not raised in the motion and initial
24 supporting documents. The court therefore DENIES summary judgment
25 on the second issue as it relates to Seismic Solutions.
26 //
27 //
28 //

III

As explained above, the court DENIES defendants' motion for summary judgment.

IT IS SO ORDERED.

_____

VAUGHN R WALKER

United States District Chief Judge